## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0487-20 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| EDWARD ACE SICAT aka KIM, | |
| Defendant. | **RUSH** |

This matter came before the Honorable Dana A. Gutierrez on July 1, 2025, for a Status Hearing, which proceeded to arguments on Sicat's Motion for Reconsideration (June 23, 2025). At the hearing, Attorney Michael F. Phillips and Public Defender Stephen P. Hattori appeared on behalf of Edward Ace Sicat ("Sicat"), and Assistant Attorney General Christine S. Tenorio appeared on behalf of the People of Guam ("People"). After considering the parties' written and oral arguments, the Court **DENIES** the Motion for Reconsideration but **ORDERS** that the trial be **RESCHEDULED** to commence on **Tuesday, July 22, 2025**.

### BACKGROUND

As explained in more detail in the Court's previous Decisions and Orders,[1] this case has been awaiting trial for several years. The Court has set and later vacated numerous trial dates. To briefly summarize:

---

[1] *See, e.g.,* Decision and Order RE: Motion to Continue (July 20, 2023), Decision and Order RE: Competency Issues and Second Forensic Evaluation (July 10, 2024), and Decision and Order Finding Defendant Competent to Stand Trial (Mar. 14, 2025).

- The Court's <u>initial</u> Criminal Trial Scheduling Order ("CTSO") issued in **March 2021**, with trial scheduled for **November 2021**. This order was vacated with the consent of the parties in order to facilitate another criminal trial before this Court.
- The Court's <u>First Amended</u> CTSO issued in **September 2021**, with trial rescheduled for **February 2022**. This order was vacated, on request of the parties, to facilitate plea negotiations.
- The Court's <u>Second Amended</u> CTSO issued in **April 2022**, with trial rescheduled for **October 2022**. This order was vacated, on request of the parties, to facilitate further plea negotiations.
- The Court's <u>Third Amended</u> CTSO issued in **October 2022**, with trial rescheduled for **November 2022**. This order was vacated, on request of the parties, to resolve certain pre-trial evidentiary issues.
- The Court's <u>Fifth Amended</u> CTSO[2] issued in **March 2023**, with trial rescheduled for **June 2023**. This order was vacated, on request of the parties, due to the entry of appearance of a new prosecutor.
- The Court's <u>Sixth Amended</u> CTSO issued in **May 2023**, with trial rescheduled for **July 2023**. This order was vacated, on Sicat's request, because he had recently retained the services of Attorney Phillips, who sought time to familiarize himself with the case.

*See generally* Dec. & Order at 1-4 (Jul. 20, 2023). The Court then set a new trial date for August 15, 2023. *See id.* at 17. However, this date was continued after granting Sicat's *ex parte* Motion to Continue due to Attorney Hattori's unavailability. Thereafter, the Court's <u>Seventh Amended</u> CTSO was issued on August 15, 2023, but this date was vacated due to Sicat filing several motions *in limine*, including a motion placing his competency at issue.

In March 2025, following two forensic evaluations and competency hearings, the Court found Sicat competent to be proceeded against. *See* Dec. & Order (Mar. 14, 2025). Thereafter, following Status Hearings on May 2 and May 9, 2025, the Court issued its <u>Eighth Amended</u> CTSO, with trial scheduled to commence on August 4, 2025. This date was chosen because (1) the Court

---

[2] The "Fifth Amended" CTSO was in fact the fourth *amended* CTSO but is the fifth CTSO issued in total. Subsequent CTSOs have followed this same naming convention. Hence, the Court's current CTSO, the "Eighth Amended" CTSO, is in fact the seventh *amended* CTSO but is the eighth CTSO issued in total.

was not available during the last two weeks of July; and (2) the People requested time to secure the attendance of a key off-island witness.

On June 23, 2025, Attorney Phillips filed the instant Motion for Reconsideration and an accompanying Declaration. In his Declaration, Attorney Phillips avers that he is "co-counsel of record" and "lead counsel" for Sicat, as well as "co-counsel" and "working full-time" as a defense attorney in another upcoming criminal trial (hereafter, *"Moore"*).[3] Decl. Michael F. Phillips at 1, 2 (June 23, 2025). Attorney Phillips then explains:

> Prior to the June 2, 2025 hearing, the prosecution in [*Moore*] had listed twenty-two (22) witnesses. On June 6, 2025, just four (4) days after this Court's setting trial before and during the *Moore* trial, the *Moore* prosecution raised their number of witnesses from twenty-two (22) to forty-six (46). There are one hundred and eighty-five (185) proposed prosecution exhibits in the Moore case and thousands of pages of discovery[.] The Moore prosecution is now up to a team of six (6) prosecutors. Defense Counsel continue to prepare for [*Moore*] and Attorney Phillips is not able to represent both Defendants Sicat and Moore at the same time. Such an attempt would compromise representation and conflict with the relevant Professional Rules of Responsibility.

Decl. Michael F. Phillips at 1. Attorney Phillips thus asks the Court to reschedule Sicat's case "for a time after" the *Moore* trial concludes. Mot. Reconsider at 2 (June 23, 2025). Attorney Phillips grounds his request in Guam Rules of Civil Procedure ("GRCP") Rule 60, and cites Sicat's Sixth Amendment right to "choice of counsel," as well as Attorney Phillips's duties under Guam Rule of Professional Conduct Rule 1.7, as the rationale.

On June 25, 2025, the People of Guam filed an Opposition to Sicat's Motion for Reconsideration. The People argue, *inter alia*, that (1) the *Moore* trial is expected to "go for months," meaning that Sicat's trial would be "continued indefinitely;" Opp. Mot. Reconsider at 3,

---

[3] The case in question is *People of Guam v. Nicholas Wayne Moore*, Criminal Case No. CF0314-21, pending trial before the Honorable Maria T. Cenzon.

6; (2) Sicat's trial should conclude before the *Moore* trial begins, so Attorney Phillips should be available for both trials; *id.* at 3; (3) rescheduling would harm the People's efforts to secure the appearance of an off-island witness, *id.* at 4; and (4) even if Attorney Phillips is unavailable for this trial, Sicat still has the assistance of Public Defender Hattori, and potentially Attorney Phillips's associate, Darlene Hiton, who would be able to provide Sicat with adequate legal representation, *id.* at 5-6. On July 27, 2025, Attorney Phillips filed a Reply, which asserts that running the trials back-to-back would leave Attorney Phillips without a "break," and that while "[t]here may be defense attorneys capable of such a feat . . . Attorney Phillips is not such an attorney." Reply at 2. The Court heard arguments on the matter on July 1, 2025, and subsequently took the matter under advisement.

## DISCUSSION

### 1. GRCP 60 Does Not Apply Here

Attorney Phillips argues for reconsideration under GRCP 60(b). Mot. Reconsider at 2. However, GRCP 60(b) is not the applicable rule. First, GRCP 60 does not apply to criminal cases. *See* GRCP 1 (application of the GRCP to criminal trials is "limited to Rules 5(g), 78, 79(c), 84, 91, and 93."). Second, GRCP 60(b) is used to "relieve a party or a party's legal representative from a *final* judgment, order, or proceeding[.]" (emphasis added). The Court's scheduling order is not a final (i.e., dispositive) order for this case. Third, in criminal cases, motions for reconsideration are governed by Local Rules of the Superior Court of Guam, Criminal Rule ("CR") 1.1(d), which provides for the *renewal* of a previously denied motion. Here, however, the Court's trial date was issued *sua sponte*; it did not arise from, or in response to, a motion by Sicat. Thus, there is no "motion" to renew.

Sicat's "Motion for Reconsideration" is better construed as a first-instance motion for continuance. Under the Local Criminal Rules, a scheduling order "shall not be vacated or changed without good cause determined by the assigned judge and described on the record orally or in writing." CR 1.1(e). As this Decision and Order shall explain, the Court does not find good cause for a continuance.

### 2. Sicat's Right to Choice of Counsel is Outweighed by Other Considerations

Sicat's Motion makes two assertions: first, that Attorney Phillips is incapable of representing Sicat without a continuance; and second, that denying a continuance would violate Sicat's Sixth Amendment/Organic Act right to counsel of his choice. The Court begins with the constitutional argument and thus assumes *arguendo* that Attorney Phillips truly cannot represent Sicat unless a continuance is granted.

The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The Organic Act of Guam "confers this same right" to local criminal defendants. *See* 48 U.S.C. § 1421b(g); *People v. Cruz*, 2023 Guam 1 ¶ 8. Interpreting this right, the U.S. Supreme Court has held that "an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzales-Lopez*, 548 U.S. 140, 152 (2006). Thus, this principle extends to local criminal defendants as well.

The right to choice of counsel is "not absolute, but qualified, and must be balanced against the requirements of the fair and proper administration of justice." *United States v. Rasmussen*, 881 F.2d 395, 401 (7th Cir. 1989); *see Gonzales-Lopez*, 548 U.S. at 152 (a trial court has "wide latitude" to balance this right "against the needs of fairness, and against the demands of its calendar."). Accordingly, the right to choice of counsel "does not include a lawyer whose other

5

commitments preclude compliance with a court's reasonable scheduling of its cases." *United States v. Delia*, 925 F.2d 574, 575 (2d Cir. 1991); *see United States v. Mitchell*, 777 F.2d 248, 258 (5th Cir. 1985) (a defendant "does not have the right to continue to insist on a particular lawyer and postpone the trial indefinitely, at the expense of the court, its schedule, the government, and other parties, and the orderly administration of justice."); *Miller v. Blackletter*, 525 F.3d 890 (9th Cir. 2008) (trial courts have discretion to "make scheduling and other decisions that effectively exclude a defendant's first choice of counsel." (quoting *Gonzales-Lopez*, 548 U.S. at 152)).

Sicat's right to be represented by Attorney Phillips is qualified and subject to balancing against other relevant considerations. That balancing weighs against Sicat here. First, a continuance would pose a significant cost to the Court's schedule. As detailed above, the Court has been extremely lenient in granting Sicat's prior requests to postpone this trial. The Court has issued a total of <u>eight</u> CTSOs in this case, and all but the first have been vacated either jointly or exclusively at Sicat's request. The Court has even sent home a fully assembled jury venire in July 2023 in order to accommodate Sicat's last-moment securing of Attorney Phillips's services. With each new CTSO, the Court has had to shift its calendar to accommodate a two-week trial, and with each such shift, innumerable other cases (including other criminal matters) have been delayed. Another indefinite continuation would further delay other cases and work harm to other litigants awaiting their day in court.

Second, another extended continuance would be harmful to both the witnesses and to the People. As the People note, the alleged victims—minors at the time this case began—have been waiting nearly five years to give their testimony and thus to conclude this chapter of their lives. An indefinite continuance would not serve their interests, nor would it comport with Legislative intent that witness interests should be prioritized. *See* 8 GCA § 80.65 (in criminal sexual conduct

cases involving minor victims, "the Court *shall* take action to expedite trial and give precedence to the case over any other case."). Further, it is the Court's understanding that two of the alleged victims no longer reside in Guam, and that scheduling one of them to return for trial poses particular logistical challenges because he is involved in military training. Another indefinite continuance could therefore jeopardize the People's ability to call all of their material witnesses, which in turn would affect the fact-finding process.

Third, another indefinite continuance would be inconsistent—if not in direct conflict—with established judicial and legislative policy regarding timely criminal adjudications. Under the Superior Court of Guam's time standards, nearly all criminal cases should be concluded within one year of filing. *See* Administrative Rule ("AR") 13-003 at 2 (May 13, 2013); *see also People v. Blas*, 2016 Guam 19 ¶ 47 (noting that AR 13-003's time standards are "aspirational," but that courts must "diligently strive to meet them, consistent with their obligations" under the Model Code of Judicial Conduct). Likewise, it is the express policy of the Guam Legislature that criminal cases should be resolved promptly. *See* 8 GCA § 80.50(a), ("[t]he welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time."); *see also* 8 GCA § 80.65. While neither authority prohibits the Court from granting a continuance for good cause, they both underscore the general policy that granting an extended continuance demands the presence of special circumstances. As explained in more detail below, the Court is not persuaded that Sicat's request for a continuance presents such circumstances.

In sum, while Sicat has a qualified right to counsel of his choice, that right must be balanced against the interests of all other stakeholders in the process. The Court concludes that neither the Court itself, the People, the witnesses, or the orderly administration of justice would benefit from

a continuance here. These combined interests outweigh Sicat's interest in being represented by Attorney Phillips. Thus, the denial of a continuance for Attorney Phillips's benefit would not violate Sicat's Sixth Amendment right to choice of counsel.

### 3.    The Court Believes Attorney Phillips Can Fulfill His Ethical Duties

The analysis above assumes that Attorney Phillips is actually unable to fulfill his duties to both Sicat and the *Moore* defendant. However, the Court is not convinced that this is so. Attorney Phillips avers that since the issuance of the Eighth Amended CTSO, the People have increased the size of the potential witness list in *Moore*. Decl. Michael F. Phillips at 1. He further avers that the Court's "current trial schedule will not allow [him] to represent Defendant Sicat at trial." *Id.* at 2. However, it is not clear to the Court why these additional witnesses in *Moore* would prevent Attorney Phillips from fulfilling his duties to Sicat. There is no overlap between the scheduled trial dates for this case and the *Moore* trial. This trial is scheduled to commence the week before jury selection in *Moore*, to pause during the *Moore* jury selection, and to conclude before the presentation of evidence in *Moore* begins. In other words, while this case is back-to-back with *Moore*, it is not running simultaneous with *Moore*; it is not anticipated that Attorney Phillips would need to appear in both trials simultaneously.

Attorney Phillips's citation to the voluminous new discovery in *Moore* suggests that he believes his pre-trial obligations in *Moore* will preclude his trial obligations in this case. However, as of May 2025, Attorney Phillips indicated he was available for this trial to commence in June or early July. This timing suggests that Attorney Phillips is already prepared, or nearly so, to try this case. In his Declaration, Attorney Phillips does not specify any remaining tasks he must perform for this case, nor that performing such tasks would now be impossible due to his pre-trial obligations in *Moore*. Thus, it is not clear that Attorney Phillips's obligations in this case will be

8

hindered by his pre-trial obligations in *Moore*. Conversely, Attorney Phillips has not averred that there are any specific pre-trial tasks he must perform in preparation for the *Moore* trial, nor that any such tasks could only be performed during the time of Sicat's trial. The Court also notes that Attorney Phillips has at least one co-counsel in *Moore*, and he has a co-counsel in this case as well. Thus, even assuming there are particular pre-trial tasks for the defense to perform in either case, it is not clear that such tasks must be performed by Attorney Phillips, rather than by his co-counsels.

The Court accepts Attorney Phillips's assertion that the evidence in *Moore* is voluminous and does not doubt that the *Moore* defense will need time to prepare for trial. However, Sicat's trial is not set to commence for several weeks, and the *Moore* trial is not set to commence for more than a month. Attorney Phillips is a veteran litigator and has the benefit of co-counsel in both this case and in *Moore*. Under these circumstances, the Court is not persuaded that the CTSO actually prevents Attorney Phillips from fulfilling his pre-trial obligations in *Moore* while also fulfilling his trial obligations in this case.

With that said, the Court does not desire to force Attorney Phillips to violate the Guam Rules of Professional Conduct. If Attorney Phillips concludes that he truly cannot fulfill his ethical obligations in both cases, the Court will permit him to withdraw if he so moves by **Thursday, July 10, 2025 by 5:00 p.m.** If Attorney Phillips attempts to withdraw after that time, the Court would be inclined to find that withdrawal so close to the trial date would have a "material adverse effect" on Sicat's interests. *See* Guam R. Prof. Cond. 1.16(b)(1).

### 4. The Court Will Reschedule Trial to Begin Sooner

While the Court is not inclined to grant a continuance, the Court is willing to begin this trial slightly sooner in order to accommodate Attorney Phillips's schedule. The People have orally represented that they expect this trial to conclude within two weeks, and that their presentation of

evidence should last approximately four days. The current CTSO reserves two weeks for trial, which should be sufficient. Nonetheless, the Court recognizes that criminal trials often last longer than anticipated. Therefore, the Court has shifted its schedule and is now available during the second-to-last week of July. Starting the trial in July, rather than the first week of August, will ensure that even if the trial extends beyond the expected two weeks, it will still conclude before the presentation of evidence in *Moore* begins.

**NOW, THEREFORE,** the Court hereby **DENIES** Defendant's Motion for Reconsideration but **ORDERS** that the trial is **RESCHEDULED** to begin on **Tuesday, July 22, 2025,** and to run through **Friday, July 25, 2025**. If the trial is not completed by that time, the trial will break during the week of **July 28, 2025,** to accommodate the Court's unavailability. The trial will then resume on **Monday, August 4, 2025,** and continue through **Friday, August 8, 2025**. If the trial is still not completed by that time, the trial will break during the week of **August 11, 2025,** to accommodate the *Moore* jury selection. The trial will then resume on **Monday, August 18, 2025,** running (if necessary) through **Friday, August 22, 2025**. The Court will issue a Ninth Amended CTSO to reflect these new dates.

**SO ORDERED** this 7th day of July, 2025.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*AGS    TPSC*
*Phillips Bordallo law*
JUL 07 2025
Date:_____ Time: *1:41pm*
Evan L. Topasna *CA*
Deputy Clerk, Superior Court of Guam

10